1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  ANTHONY DASILVA
   Deputy Attorney General
5  DANIEL ROGERS, State Bar No. 204499
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2283
    Fax: (619) 645-2191
9   Email: Daniel.Rogers@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **ARMANDO MORALES,**                    08cv0705 JAH (PCL)

15                        Petitioner,       **MEMORANDUM OF POINTS
                                            AND AUTHORITIES IN**
16          v.                              **SUPPORT OF ANSWER TO
                                            PETITION FOR WRIT OF**
17  **DARREL ADAMS, Warden,**               **HABEAS CORPUS**

18                        Respondent.

19

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  ANTHONY DASILVA
   Deputy Attorney General
5  DANIEL ROGERS, State Bar No. 204499
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2283
    Fax: (619) 645-2191
9   Email: Daniel.Rogers@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **ARMANDO MORALES,**                     08cv0705 JAH (PCL)

15                          Petitioner,      **MEMORANDUM OF POINTS
                                             AND AUTHORITIES IN**
16     **v.**                                **SUPPORT OF ANSWER TO
                                             PETITION FOR WRIT OF**
17  **DARREL ADAMS, Warden,**                **HABEAS CORPUS**

18                          Respondent.

19

20

21                   **STATEMENT OF THE CASE**

22          On March 12, 2004, a jury found Morales guilty in Imperial County Superior Court case

23  number CF12094 of assault by a prisoner by means of force likely to produce great bodily injury

24  (Cal. Penal Code § 4501) and assault on a peace officer by means likely to produce great bodily

25  injury (Cal. Penal Code § 245(c)). The jury also found true allegations that Morales personally

26  inflicted great bodily injury (Cal. Penal Code § 12022.7(a)). (Lodgment 1 at 142.) The trial court

27  found true allegations that Morales had three prior convictions under the Three Strikes law (Cal.

28  Penal Code §§ 667(b)-(i), 1170.12(a)-(d)). (Lodgment 1 at 82, 143.) On May 12, 2004, Morales

1    was sentenced to two concurrent terms of 28 years to life in state prison.  (Lodgment 2 at 8-10.)

2         Morales appealed to the California Court of Appeal, Fourth Appellate District, Division

3    One in case number D044560.  (Lodgment 4; Lodgment 5.)  On June 13, 2005, the Court of Appeal

4    ordered the concurrent sentence on count two (assault on a peace officer) stayed pursuant to

5    California Penal Code section 654, but otherwise affirmed the judgment.  (Lodgment 6.)

6         Morales filed a petition for review in the California Supreme Court in case number

7    S135813.[1]  On August 31, 2005, the California Supreme Court denied review.  (Lodgment 7.)

8         On October 17, 2006, Morales filed a petition for writ of habeas corpus in the Imperial

9    County Superior Court in case number EHC 00801.[2]  On December 15, 2006, the superior court

10   denied the petition on the merits.  (Lodgment 8.)

11        On February 20, 2007, Morales filed a petition for writ of habeas corpus in the Court of

12   Appeal in case number D050319.[3]  (Lodgment 9.)  On July 27, 2007, the Court of Appeal denied

13   the petition as untimely and lacking in merit.  (Lodgment 10.)

14        On August 27, 2007, Morales filed a petition for writ of habeas corpus in the California

15   Supreme Court in case number S155801.  (Lodgment 11.)  On March 12, 2008, the California

16   Supreme Court denied the petition without citation or comment.  (Lodgment 12.)

17        On April 16, 2008, Morales filed the instant federal Petition.[4]  On May 14, 2008, this

18   Court ordered a response to the Petition.

---

24   1.  Respondent has not yet obtained a copy of the petition for review.

25   2.  Respondent has not yet obtained a copy of this petition.

26   3.  Morales signed the proof of service attached to this petition on February 7, 2007.

27   (Lodgment 11 at 18.)

28   4.  Morales's Petition indicates that it was mailed on April 9, 2008.  (Pet. at 21.)

1

**STATEMENT OF FACTS**[5/]

2      On February 23, 2002, Rhoads was working as a correctional officer at a prison in which

3 Morales was an inmate.  At about 6:00 p .m., Morales did not comply with an order to return to his

4 cell.  Rhoads and Correctional Officer Romero contacted Morales, handcuffed him, and took

5 Morales to a nearby sally port to "counsel" Morales about the need to comply with orders.  As

6 Rhoads chastised Morales for his childish behavior, Morales "blew up," began using abusive

7 language, and described himself as dirt.  Morales was then escorted to his cell.

8      Approximately two hours later, Rhoads was at a podium overseeing "upper-tier" inmates

9 returning from the exercise yard to their cells, and was also conducting a signup for "lower-tier

10 inmates" to schedule their telephone privileges for the following day.  Morales (an "upper-tier"

11 inmate) did not return to his cell as required, but instead joined the line of "lower tier" inmates

12 waiting to register for telephone privileges.  When Officer Romero noticed Morales, she glanced

13 down at a log to confirm whether Morales was an upper tier inmate and then heard a loud banging

14 sound.  When she looked up, she saw Rhoads falling towards her; Morales was standing near

15 Rhoads in an aggressive fighting stance with his fists closed.  Officer Davis, who was in a control

16 booth above the podium, heard a loud knock from the podium area and saw Morales strike Rhoads

17 in the temple with a clenched fist, knocking Rhoads to the ground.  Officers sounded an alarm,

18 requiring all prisoners to "go down," but Morales did not comply and began walking away,

19 discarding some gloves he had been wearing.  Officer Romero followed him and subdued him with

20 pepper spray.  Rhoads suffered "career-ending" injuries from the blow and fall.  Morales denied

21 attacking Rhoads.

22

23

---

24      5. Respondent quotes the Statement of Facts from the California Court of Appeal's opinion.
(Lodgment 6 at 2-3.)  *See*, *e.g.*, *Dillard v. Roe*, 244 F.3d 758, 761 n.1 (9th Cir. 2001) ("The facts are

25 taken from the opinion by the California Court of Appeal"); *DePetris v. Kuykendall*, 239 F.3d 1057, 1059-61 (9th Cir. 2001) (quoting the California Court of Appeal's "recitation of facts"); *see also* 28

26 U.S.C. § 2254(e)(1) (the state court's determination of the facts is presumed to be correct).  A

27 Statement of Facts with citations to the Reporter's Transcript (Lodgment 3) can be found at page 2 of the Respondent's Brief filed in case number D044560.  (Lodgment 5.)

28

**ARGUMENT  I.**

**THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS PURSUANT TO 28 U.S.C. § 2244(d) AND THEREFORE SHOULD BE DISMISSED WITH PREJUDICE**

Because the present Petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *Smith v. Robbins*, 528 U.S. 259, 268 n. 3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000).  As amended by the AEDPA, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under these provisions, Morales's present Petition is untimely, because the statute of limitations expired almost a year-and-a-half prior to the filing of the instant federal Petition.

Because Morales filed a petition for review in the California Supreme Court, his conviction became final 90 days after the California Supreme Court denied review.  *See Bowen v Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Thus, his conviction was final on November 29, 2005, 90 days after the California Supreme Court denied his petition for review on August 31, 2005. (Lodgment 7.)

Normally, the statute of limitations begins to run on the day following finality, Fed. R. Civ. P. 6(a), unless one of three exceptions apply.  28 U.S.C. § 2244(d)(1)(B)-(D).  None of the exceptions applies to Morales: there was no state impediment to his seeking further relief; his claims do not rely on any new constitutional right, and the factual predicate for his current claims was

1  known by the time his conviction was final.[6]  *See id.*

2         Accordingly, the statute of limitations began to run on November 30, 2005, and the

3  limitations period expired one year later, on November 29, 2006, unless Morales is entitled to

4  tolling. Fed. R. Civ. P. (6)(a); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Morales

5  did not mail his federal Petition until April 9, 2008, roughly a year-and-a-half after the expiration

6  of the statute of limitations. As discussed below, he is not entitled to sufficient statutory or equitable

7  tolling to render the Petition timely.

8    **A.    Morales Is Not Entitled To Statutory Tolling Sufficient To Render The Present
           Petition Timely**

9

10         Morales cannot qualify for statutory tolling sufficient to render the present Petition timely.

11  28 U.S.C. § 2244(d)(2) provides tolling of the AEDPA's one-year-statute-of-limitations for "[t]he

12  time during which a properly filed application for State post-conviction or other collateral review

13  with respect to the pertinent judgment or claim is pending[.]"

14         The statute of limitations in Morales's case began to run on November 30, 2005. Morales

15  did not file his first state petition until October 17, 2006.[7]  A federal petitioner is not entitled to

16  statutory tolling for the period between finality of the state court judgment and the filing of the

17  petitioner's first collateral challenge in state court because there is no state action "pending" for

18  purposes of 28 U.S.C. § 2244(d)(2).[8]  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

19  Consequently, 322 days of the AEDPA's one-year-statute-of-limitations had elapsed when Morales

20  filed his first state habeas petition.

21  ──────────────────────────────────────────────────

22    6.  Although Morales may have been unaware of the legal significance of some facts, that
    does not affect the commencement of the statute of limitations, which "begins when the prisoner
23    knows (or through diligence could discover) the important facts, not when the prisoner recognizes
    their legal significance." *Hasan v. Galaza*, 245 F.3d 1150, 1154 n.3 (9th Cir. 2001).
24

25    7.  The Ninth Circuit has held that "the mailbox rule applies with equal force to the filing
    of state as well as federal petitions[.]" *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).
26    Consequently, Respondent will refer to the dates on which Stockdale signed his petitions for
    purposes of the statute of limitations calculations.
27

28    8.  The Superior Court, in its order denying the petition, expressly found the petition to be
    timely filed.  (Lodgment 8 at 1.)

1    The statute of limitations was tolled from October 17, 2006, until the superior court denied

2  the petition on December 15, 2006. 28 U.S.C. § 2244(d)(2). Morales next filed a petition in the

3  California Court of Appeal, which he mailed on February 7, 2007. The Court of Appeal, in its order

4  denying the petition, found the petition to be untimely, explaining,

5         We conclude the petition is procedurally barred because it is untimely. (*In re*
         *Robbins* (1998) 18 Cal. 4th 770, 780.) Morales did not begin seeking habeas relief until
6         more than a year after this court issued its decision on appeal and Morales has not
         established good cause for the delay.
7
8  (Lodgment 10 at 2.)

9    A state petition that is rejected as untimely under state law is not "properly filed" for

10  purposes of tolling under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.

11  Ct. 1807, 161 L. Ed. 2d 669 (2005) ("When a postconviction petition is untimely under state law,

12  'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Consequently, Morales is not

13  entitled to tolling based on the filing of his petition in the Court of Appeal. As only 43 days of the

14  AEDPA limitations period remained when the superior court denied his first state petition on

15  December 15, 2006, the Court of Appeal's determination that his February 7, 2007, petition was

16  untimely is dispositive. *See id.* Consequently, the instant Petition must be dismissed as untimely

17  unless Morales can demonstrate that he is entitled to equitable tolling.

18    **B.    Morales Is Not Entitled To Equitable Tolling Because He Fails To Establish
          Either Of The Elements Required Under *Pace***
19

20    Morales has also failed to demonstrate that he is entitled to equitable tolling. "[A] litigant

21  seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

22  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*

23  *v. DiGuglielmo*, 544 U.S. at 418. Morales did not commence the filing of his state petitions until

24  322 days of the 365-day limitations period had elapsed. He then did not file a federal petition until

25  almost a year-and-a-half after the expiration of the statute of limitations and he offers no explanation

26  as to his delay. Consequently, any claim of entitlement to equitable tolling fails under *Pace*.

27    Accordingly, as demonstrated above, Morales's Petition should be dismissed as it is barred

28  under the statute of limitations. However, in the event this Court determines that the Petition is

timely, Respondent alternatively addresses the merits of Morales's claims below.

**II.**

**THE STATE COURTS' REJECTION OF MORALES'S FIRST CLAIM OF PROSECUTORIAL MISCONDUCT WAS A REASONABLE APPLICATION OF CONTROLLING UNITED STATES SUPREME COURT AUTHORITY**

In his first claim, Morales alleges that the prosecutor committed misconduct by eavesdropping on a conversation between Morales and his defense counsel. (Pet. at 6-9.) Morales presented this claim to the California Court of Appeal, which denied the claim in a reasoned decision. (Lodgment 9 at 3-6; Lodgment 10 at 2.) Morales then presented the identical claim to the California Supreme Court in a petition for writ of habeas corpus, which the California Supreme Court denied without citation or comment. (Lodgment 11 at 3-7; Lodgment 12.) Morales cannot demonstrate that the state courts' rejection of his claim was contrary to, or an unreasonable application of, controlling United States Supreme Court authority or the facts presented.

Federal habeas corpus lies only to correct violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). As the instant Petition was filed in 2007, it is therefore subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Smith v. Robbins*, 528 U.S. at 268 n. 3. An application for a writ of habeas corpus by a state prisoner may not be granted based on a state court's determination of the merits of a claim unless the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Carey v. Musladin*, 549 U.S. 70, ___, 127 S. Ct. 649, 652, 166 L. Ed. 2d 482 (2006).

A state court determination will be contrary to clearly established federal law,

"if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).

1    A state court determination will be an unreasonable application of clearly established federal

2    law,

3        if the state court identifies the correct governing legal principle from this Court's
         decisions but unreasonably applies that principle to the facts of the prisoner's case."

4        [Citation.]  The "unreasonable application" clause requires the state court decision to be
         more than incorrect or erroneous.  [Citation.]  The state court's application of clearly

5        established law must be objectively unreasonable.  [Citation.]

6    *Id*. at 75.

7        This "highly deferential standard" demands that federal courts give state court decisions

8    "the benefit of the doubt."  *Woodford. v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 257, 154, L. Ed. 2d

9    279 (2002.)  Thus, the AEDPA "significantly curtails the scope of collateral review," *Earnest v.*

10   *Dorsey*, 87 F.3d 1123, 1127 n.1 (10th Cir. 1996), by creating a "new, highly deferential standard for

11   evaluating state court rulings" on federal habeas corpus.  *Lindh v. Murphy*, 521 U.S. 320, 334 n.7,

12   117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

13       Where the state supreme court has summarily denied a claim, a federal court conducting

14   habeas corpus review must "look through" the summary denial and consider the "last reasoned" state

15   court decision. *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004); *see also Ylst v. Nunnemaker*,

16   501 U.S. 797, 803-04, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991).  Here, since the California

17   Supreme Court summarily denied Morales's petition for writ of habeas corpus in which he raised

18   the claim (Lodgment 12), the last reasoned decision is the California Court of Appeal's order

19   denying his habeas petition in that court.  (Lodgment 10.)

20       The Court of Appeal rejected Morales's claim as follows:

21       Regarding Morales's prosecutorial misconduct claim, he has not established that the
         prosecutor intentionally eavesdropped on any conversation between Morales and his trial

22       counsel.  Morales's declaration is not sufficient to meet his burden on this point.  (See,
         e.g., *In re Alvernaz* (1992) 2 Cal.4th 924, 938.)  Moreover, although Morales contends the

23       prosecutor could not have learned that Morales used the document to refresh his
         recollection except by eavesdropping, Morales's recounting of the facts suggests

24       otherwise.  According to Morales, he and his trial counsel reviewed the document in the
         courtroom before trial was to reconvene.  At the time, the prosecutor was sitting at the

25       prosecutor's end of the table approximately four feet from them, exactly where one would
         expect the prosecutor to be.  From this location, the prosecutor would have been able to

26       easily observe Morales referring to the document.  Under the circumstances, the
         prosecutor's observation is not misconduct.

27
     (Lodgment 10 at 2.)

28

08cv0705 JAH (PCL)

1    Although the state court did not cite applicable federal law in denying petitioner's claim, the

2    state court's decision was nonetheless a reasonable application of the controlling United States

3    Supreme Court authority.  Indeed, even where a state-court decision fails to cite or acknowledge

4    United States Supreme Court authority, a federal court may not grant habeas relief unless the state

5    court's reasoning or result contradict clearly established United States Supreme Court precedent.

6    *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

7    As the Ninth Circuit explained in *Williams v. Woodford*, 384 F.3d 567, 584-85 (9th Cir. 2004),

8        When the government deliberately interferes with the confidential relationship
9    between a criminal defendant and defense counsel, that interference violates the Sixth
     Amendment right to counsel if it substantially prejudices the criminal defendant.
     *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir.1985); *Weatherford v. Bursey*, 429
10   U.S. 545, 557-58, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977).  Substantial prejudice results
     from the introduction of evidence gained through the interference against the defendant
11   at trial, from the prosecution's use of confidential information pertaining to defense plans
     and strategy, and from other actions designed to give the prosecution an unfair advantage
12   at trial.  *United States v. Irwin*, 612 F.2d 1182, 1187 (9th Cir.1980).

13   As the Court of Appeal noted, Morales's showing is deficient in a number of respects.  First,

14   even accepting Morales's self-serving declaration (Pet., Exh. A) at face value, he fails to

15   demonstrate any deliberate act of interference by the prosecutor in the attorney-client relationship.

16   Morales alleges that, prior to testifying, he reviewed a document with his attorney in the courtroom

17   while the prosecutor sat four feet away at the prosecutor's end of the table. (Pet., Exh. A at 2.) On

18   cross-examination, the prosecutor asked Morales if he had used any documents to refresh his

19   recollection prior to testifying. (Lodgment 3 at 618.) Morales claims that this amounted to improper

20   interference in the attorney-client relationship and could only have been the result of eavesdropping

21   during his earlier courtroom discussion with his attorney.

22   California law requires that,

23       if a witness, either while testifying or prior thereto, uses a writing to refresh his memory
     with respect to any matter about which he testifies, such writing must be produced at the
24   hearing at the request of an adverse party[.]

25   Cal. Evid. Code § 771(a).[9/]

26

27   _____

28       9. California Evidence Code section 771(a) is substantially similar to Federal Rule of
     Evidence 612.

08cv0705 JAH (PCL)

9

1   Accordingly, there was nothing improper in the prosecutor's questioning of Morales on the

2   subject.  Moreover, Morales has cited no controlling United States Supreme Court authority that

3   requires the prosecutor to absent himself from the courtroom while a defendant and his lawyer are

4   conferring or otherwise avert his eyes while the defendant reviews a document.  There is no

5   indication in the record that the prosecutor spied on the conversation or was even aware of the

6   contents of the document until it was produced pursuant to California Evidence Code section 771(a).

7   No misconduct occurred and the state courts' rejection of his claim was reasonable under 28 U.S.C.

8   § 2254(d).

9                                           **III.**

10  **THE STATE COURTS' REJECTION OF MORALES'S SECOND AND THIRD CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS**

11  **A  REASONABLE  APPLICATION  OF  CONTROLLING  UNITED STATES SUPREME COURT AUTHORITY**

12

13  In his second claim, Morales alleges that his defense attorney was constitutionally

14  ineffective for failing to preserve the attorney client privilege by challenging the prosecution's use

15  of the documents with which he refreshed his recollection prior to testifying.  (Pet. at 10-11.)  In his

16  third claim, Morales alleges that his defense attorney was ineffective for failing to impeach the

17  testimony of Officer Davis and failing to present evidence that another inmate Morales made

18  threatening remarks to Rhoads.  (Pet. at 12-16.)  Morales presented these claims to the California

19  Court of Appeal, which denied the claims in a reasoned decision.  (Lodgment 9 at 8-15; Lodgment

20  10 at 2-3.)  Morales then presented the identical claims to the California Supreme Court in a petition

21  for writ of habeas corpus, which the California Supreme Court denied without citation or comment.

22  (Lodgment 11 at 8-16; Lodgment 12.)  Morales cannot demonstrate that the state courts' rejection

23  of his claims was contrary to, or an unreasonable application of, controlling United States Supreme

24  Court authority or the facts presented.

25  The federal constitutional standard for ineffective assistance of counsel requires a habeas

26  petitioner to establish each of two prongs: (1)  that counsel's performance fell below an objective

27  standard of reasonableness, under prevailing norms of practice, and (2)  that the defendant was

28  prejudiced, in the sense that he would have received a more favorable result but for counsel's

unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). California courts apply the *Strickland* standard when assessing claims of ineffective assistance of counsel. *People v. Ledesma*, 43 Cal. 3d 171, 215, 729 P. 2d 839, 233 Cal. Rptr. 404 (Cal. 1987).

In order to succeed on an ineffective assistance claim, a petitioner must make a sufficient factual showing to substantiate the claims. *United States. v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984). Vague and speculative assertions of counsel's ineffectiveness are deficient. *United States v. Taylor*, 802 F.2d 1108, 1119 (9th Cir. 1986).

With respect to his claim that counsel failed to preserve the attorney client privilege by challenging the prosecution's use of the documents with which he refreshed his recollection prior to testifying (*see* Argument I, *ante*), the Court of Appeal explained,

> Regarding Morales's ineffective assistance of counsel claims, Morales has not established that counsel's performance was both deficient and prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *In re Thomas* (2006) 37 Cal.4th 1249, 1256.) As for trial counsel's failure to assert the attorney-client privilege, Morales has not established the document was protected by the privilege. Morales's declaration to this effect is not sufficient. (*In re Alvernaz, supra*, 2 Cal.4th at p. 938.) According to the record, the document was simply a narrative of Morales's version of events. [Lodgment 3 at 619-20.] Because Morales elected to testify, he did not intend his version of events to remain confidential. Therefore, the record suggests the documents was either not privileged or the privilege was waived. (Evid. Code, § 954 [privilege applies to information intended to be confidential and not disclosed to third persons]; Evid. Code, § 912 [privilege is waived if holder discloses a significant part of the communication].)
>
> Even if the document was privileged and the privilege was not waived, an attorney's failure to assert the attorney-client privilege may be excused if tactically necessary to protect a client's interests. (See *People v. Vargas* (1975) 53 Cal.App.3d 516, 528.) In this case, disclosure of the document appears to have been tactically necessary to protect Morales's interests. Had trial counsel asserted the privilege with respect to the document and refused to produce it, the trial court would have been obliged to strike Morales's testimony. (Evid. Code, § 771, subd. (a).) Then, the jury would have been prevented from considering Morales's version of events and Morales's entire defense would have been undermined.

(Lodgment 10 at 2-3.)

The state court's application of the California Evidence Code in determining that the document disclosed to the prosecution pursuant to California Evidence Code section 771(a) was either not privileged or that any privilege had been waived is not reviewable on federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

1    Consequently, counsel could not be ineffective for failing to assert the privilege because no privilege

2    existed.  *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile

3    motion does not constitute ineffective assistance of counsel.").

4            The California Court of Appeal similarly rejected Morales's remaining claims of

5    ineffective assistance of counsel,

6            As for Morales's remaining claims, Morales has not established that trial counsel's
         investigation, preparation, and trial performance were professionally unreasonable. (*In
7        re Thomas*, *supra*[,] 37 Cal.4th at pp. 1257-1258.)  The record shows trial counsel
         impeached Officer Davis to the extent possible given Officer Davis's responses to
8        questioning.  Similarly, there is no declaration from trial counsel or other evidence
         showing trial counsel did not investigate the possibility Inmate Gonzalez was the
9        perpetrator.  Trial counsel was undoubtedly aware of Inmate Gonzalez's threat toward the
         victim because prison officials believed Inmate Gonzalez was Morales's accomplice in
10       the assault.  Although Morales considers Inmate Gonzalez's threat to be exculpatory, a
         jury might have considered it inculpatory because Inmate Gonzalez made the threat in his
11       capacity as the Mexican inmate representative and in response to the victim's decision to
         verbally counsel Morales.  Therefore, trial counsel's decision not to introduce evidence
12       of the threat appears to be a tactical choice entitled to deference.  (*Ibid*.)

13
     (Lodgment 10 at 3.)
14

15          Morales's claim in this Court suffers from the same lack of factual support identified by

16   the state court regarding the possible tactical reasons for defense counsel's actions.  Accordingly,

17   the state courts reasonably applied *Strickland* in rejecting Morales's claims.

18                                              **IV.**

19          **MORALES'S FOURTH CLAIM THAT THE SUPERIOR COURT AND
            COURT OF APPEAL FAILED TO COMPLY WITH CALIFORNIA
20          RULE OF COURT 4.551(A)(3) FAILS TO PRESENT A FEDERAL
            QUESTION**
21

22          In his fourth claim, Morales alleges that the superior court and the California Court of

23   Appeal violated California Rule of Court 4.551(a)(3) by not ruling on his habeas petitions in the time

24   prescribed by the rule.  (Pet. at 17-18.)  Morales fails to identify a federal constitutional violation

25   based on the state's application of the California Rules of Court.  The state courts' application of

26   state law is not cognizable on federal habeas corpus and Morales's bare mention of due process

27   cannot transform his state-law-claim into a federal one.  *See Langford v. Day*, 110 F.3d 1380, 1389

28   (9th Cir. 1996).

V.

**THE STATE COURTS' REJECTION OF MORALES'S FIFTH CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS A REASONABLE APPLICATION OF CONTROLLING UNITED STATES SUPREME COURT AUTHORITY**

In his fifth claim, Morales alleges that his appellate attorney was constitutionally ineffective for failing to raise his first and second claims on direct appeal. (Pet. at 19.) Morales presented this claim for the first time to the California Supreme Court in a petition for writ of habeas corpus, which the California Supreme Court denied without citation or comment. (Lodgment 11 at 16-17; Lodgment 12.) Morales cannot demonstrate that the state courts' rejection of his claim was contrary to, or an unreasonable application of, controlling United States Supreme Court authority or the facts presented.

Where, as here, the state court has summarily denied a claim, a federal court independently reviews the entire record and applies 28 U.S.C. § 2254(d) to determine "'whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law.'" *Greene v. Lambert*, 288 F.3d 1081, 1089 (9th Cir. 2002); *see also Brown v. Ornoski*, 503 F.3d 1006, 1010-11 (9th Cir. 2007).

Claims of ineffective assistance of appellate counsel are reviewed under *Strickland*. *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001). Morales's claim fails under both prongs of *Strickland*. First, as discussed above, the claims are without merit and appellate counsel was not deficient for failing to present meritless claims to the appellate court. *See e.g. James v. Borg*, 24 F.3d at 27 (Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel."); *see also Smith v. Robbins*, 528 U.S. at 278 ("[A]lthough . . . indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal.") Further, as Morales was able to present the claims to the California Supreme Court by way of a petition for writ of habeas corpus, he fails to establish how he was prejudiced by any failure of appellate counsel. Morales obtained judicial consideration of his claims in the state courts. His claims were simply found to be lacking in merit and presentation of the claims on direct

08cv0705 JAH (PCL)

1  appeal, as opposed to habeas corpus, would not have altered that fact.

2                              **CONCLUSION**

3          For the foregoing reasons, Respondent respectfully requests that the Petition for Writ of

4  Habeas Corpus be dismissed with prejudice as untimely, or, in the alternative, denied with prejudice

5  on the merits, and that no certificate of appealability issue from the denial.

6

7          Dated:  September 5, 2008

8                              Respectfully submitted,

9                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

10                             DANE R. GILLETTE
                               Chief Assistant Attorney General

11                             GARY W. SCHONS
                               Senior Assistant Attorney General

12                             ANTHONY DASILVA
13                             Deputy Attorney General

14

15                             s/  Daniel Rogers
16                             DANIEL ROGERS
                               Deputy Attorney General

17                             Attorneys for Respondent

18  80278653.wpd
    SD2008801249
19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
                                                                                              **Page**

3   STATEMENT OF THE CASE                                                                        1

4   ARGUMENT I.                                                                                  4

5       I.    THE PETITION IS BARRED BY THE STATUTE OF
              LIMITATIONS PURSUANT TO 28 U.S.C. § 2244(d) AND
6             THEREFORE SHOULD BE DISMISSED WITH PREJUDICE                                        4

7             A.   Morales Is Not Entitled To Statutory Tolling Sufficient To Render
                   The Present Petition Timely                                                    5
8
              B.   Morales Is Not Entitled To Equitable Tolling Because He Fails
9                  To Establish Either Of The Elements Required Under *Pace*                       6

10      II.   THE STATE COURTS' REJECTION OF MORALES'S FIRST
              CLAIM OF PROSECUTORIAL MISCONDUCT WAS A
11            REASONABLE APPLICATION OF CONTROLLING UNITED
              STATES SUPREME COURT AUTHORITY                                                      7
12
        III.  THE STATE COURTS' REJECTION OF MORALES'S SECOND
13            AND THIRD CLAIMS OF INEFFECTIVE ASSISTANCE OF
              COUNSEL WAS A REASONABLE APPLICATION OF
14            CONTROLLING UNITED STATES SUPREME COURT
              AUTHORITY                                                                          10
15
        IV.   MORALES'S FOURTH CLAIM THAT THE SUPERIOR COURT
16            AND COURT OF APPEAL FAILED TO COMPLY WITH
              CALIFORNIA RULE OF COURT 4.551(A)(3) FAILS TO
17            PRESENT A FEDERAL QUESTION                                                         12

18      V.    THE STATE COURTS' REJECTION OF MORALES'S FIFTH
              CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS
19            A REASONABLE APPLICATION OF CONTROLLING UNITED
              STATES SUPREME COURT AUTHORITY                                                     13
20
    CONCLUSION                                                                                   14
21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anthony v. Cambra*
236 F.3d 568 (9th Cir. 2000)                                              5

*Bowen v Roe*
188 F.3d 1157 (9th Cir. 1999)                                            4

*Brown v. Ornoski*
503 F.3d 1006 (9th Cir. 2007)                                           13

*Carey v. Musladin*
549 U.S. 70
127 S. Ct. 649
166 L. Ed. 2d 482 (2006)                                                 7

*DePetris v. Kuykendall*
239 F.3d 1057 (9th Cir. 2001)                                            3

*Dillard v. Roe*
244 F.3d 758 (9th Cir. 2001)                                             3

*Early v. Packer*
537 U.S. 3
123 S. Ct. 362
154 L. Ed. 2d 263 (2002)                                                 9

*Earnest v. Dorsey*
87 F.3d 1123 (10th Cir. 1996)                                            8

*Estelle v. McGuire*
502 U.S. 62
112 S. Ct. 475
116 L. Ed. 2d 385 (1991)                                                11

*Greene v. Lambert*
288 F.3d 1081 (9th Cir. 2002)                                           13

*Hasan v. Galaza*
245 F.3d 1150 (9th Cir. 2001)                                            5

*James v. Borg*
24 F.3d 20 (9th Cir. 1994)                                          12, 13

*Langford v. Day*
110 F.3d 1380 (9th Cir. 1996)                                           12

08cv0705 JAH (PCL)

**TABLE OF AUTHORITIES  (continued)**

Page

1

2
*Lindh v. Murphy*
3
521 U.S. 320
117 S. Ct. 2059
4
138 L. Ed. 2d 481 (1997)                                                    8

5
*Lockyer v. Andrade*
538 U.S. 63
6
123 S. Ct. 1166
155 L. Ed. 2d 144 (2003)                                                    7

7
*Medina v. Hornung*
8
386 F.3d 872 (9th Cir. 2004)                                                8

9
*Nino v. Galaza*
183 F.3d 1003 (9th Cir. 1999)                                               5

10
*Pace v. DiGuglielmo*
11
544 U.S. 408
125 S. Ct. 1807
12
161 L. Ed. 2d 669 (2005)                                                    6

13
*Patterson v. Stewart*
251 F.3d 1243 (9th Cir. 2001)                                               5

14
*People v. Ledesma*
15
43 Cal. 3d 171
729 P. 2d 839
16
233 Cal. Rptr. 404 (Cal. 1987)                                             11

17
*Smith v. Robbins*
528 U.S. 259
18
120 S. Ct. 746
145 L. Ed. 2d 756 (2000)                                                4, 7, 13

19
*Strickland v. Washington*
20
466 U.S. 668
104 S. Ct. 2052
21
80 L. Ed. 2d 674 (1984)                                                    11

22
*United States. v. Schaflander*
743 F.2d 714 (9th Cir. 1984)                                               11

23
*Williams v. Woodford*
24
384 F.3d 567 (9th Cir. 2004)                                                9

25
*Woodford v. Visciotti*
537 U.S. 19
26
123 S. Ct. 257
154 L. Ed. 2d 279 (2002.)                                                   8

27

28

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Ylst v. Nunnemaker*
501 U.S. 797
111 S. Ct. 2590
115 L. Ed. 2d 706 (1991)                                                8

**Statutes**

28 U.S.C.
  § 2244(d)                                                             4
  §  2244(d)(1)(B)-(D)                                                  4
  § 2244(d)(2)                                                        5, 6
  § 2254                                                                7
  § 2254(d)                                                         10, 13
  § 2254(d)(1)                                                          7
  § 2254(e)(1)                                                          3


Antiterrorism and Effective Death
Penalty Act of 1996                                                   4-8

California Evidence Code
  § 771(a)                                                          9-11

**Court Rules**

California Rule of Court
  4.551(a)(3)                                                          12

Federal Rule of Evidence
  rule 612                                                             9

Federal Rules of  Civil Procedure
  rule 6(a)                                                         4, 5