UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO MORALES, | ) | Civil No. 08cv0705 JAH(PCL) |
| Petitioner, | ) ) | **ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | ) ) ) | |
| DARRL ADAMS, Warden, | ) ) | |
| Respondent. | ) ) ) ) | |

## INTRODUCTION

Petitioner, a state prisoner appearing through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the petition had been fully briefed, the Honorable Peter C. Lewis, United States Magistrate Judge, issued a report and recommendation, recommending this Court dismiss the petition as untimely filed. Petitioner filed objections to the report. After a careful consideration of the pleadings submitted by the parties, along with the entire record of this matter, this Court OVERRULES petitioner's objections, ADOPTS the magistrate judge's report *in toto*, DISMISSES the instant petition as untimely, and DENIES a certificate of appealability.

//
//
//
//

# BACKGROUND[1]

On March 12, 2004, a jury found petitioner guilty of assault by a prisoner by means of force likely to produce great bodily injury and assault on a peace officer by means likely to produce great bodily injury. The jury also found true allegations that petitioner inflicted great bodily injury. The trial court found true allegations concerning petitioner's three prior convictions, implicating the application of California's Three Strikes law. Petitioner was sentenced, on May 12, 2004, to two concurrent terms of twenty-eight years to life on the assault counts plus a three year term for the great bodily injury enhancement. On January 28, 2005, petitioner appealed his conviction to the California Court of Appeal. On June 13, 2005, the California Court of Appeal affirmed the conviction in all respects except for ordering a stay on the concurrent sentence for the assault on a peace officer count.

Petitioner subsequently filed a petition for review before the California Supreme Court, which was denied without comment on August 31, 2005. Petitioner then, on October 16, 2006, filed a petition for writ of habeas corpus before the Imperial County Superior Court, which was denied on its merits on December 15, 2006. On February 20, 2007, petitioner filed a habeas corpus petition before the California Court of Appeal, which was denied as untimely and lacking in merit on July 27, 2007. Petitioner also filed, on August 27, 2007, a petition for writ of habeas corpus before the California Supreme Court, which was denied without comment on March 12, 2008.

The instant petition was filed on April 16, 2008. Respondent filed an answer to the petition on September 5, 2008. After obtaining various extensions of the deadline for filing his traverse, petitioner's traverse was filed on March 7, 2009. The magistrate judge's report and recommendation was filed on September 17, 2009. On September 29, 2009, petitioner's filed his objections to the magistrate judge's report.

//

---

[1] Petitioner does not object to the factual findings presented by the magistrate judge. *See* Doc. # 11 at 2. Therefore, only a general outline of the factual and procedural history is presented here.

# DISCUSSION

## 1. Legal Standard

### a. Scope of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, Section 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

### b. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[2]  28 U.S.C. § 2244(d)(1)(A).

AEDPA's statute of limitation is subject to statutory tolling which tolls the statute during the time a properly filed state habeas corpus petition is pending in the state court. 28 U.S.C. § 2244(d)(2). Provided the petitions were properly filed and pending, the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A state habeas petition determined to be untimely is not considered pending or properly filed for statutory tolling purposes. Carey v. Saffold, 536 U.S. 214, 223-26 (2002); Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005).

---

[2] In the Ninth Circuit, the period of "direct review" includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari regardless of whether the petitioner seeks such review. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

AEDPA's statute of limitations is also subject to equitable tolling. *See* Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by* Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling is generally appropriate where a petitioner demonstrates two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000)). The Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)). The burden is on the petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003).

**2.  Analysis**

The magistrate judge found the petition untimely and that petitioner was not entitled to either statutory or equitable tolling of the statute of limitations. *See* Doc. # 29 at 7-11. Thus, the magistrate judge recommended that respondent's motion be granted. Id. at 9. Petitioner specifically objects to the magistrate judge's findings and conclusions regarding the applicability of statutory and equitable tolling. Doc. # 30 at 5-11. However, petitioner's arguments presented in support of his objections are the same arguments he presented in support of his traverse which the magistrate judge clearly addressed in the report. *See* id.; *compare* Doc. # 28 at 5-11; Doc. # 29 at 7-8, 10-11. To

the extent petitioner presents general objections to the magistrate judge's report by relying upon the same arguments previously presented, this Court may adopt the magistrate judge's findings and conclusions presented in the report as long as they are not clearly erroneous. *See* Thomas, 474 U.S. at 153.

This Court has conducted a careful *de novo* review of the entire record in this matter and finds that the magistrate judge presented a cogent analysis of the issues presented. As the magistrate judge noted, the parties do not dispute that petitioner's conviction became final on November 29, 2005, and that the statute of limitations under AEDPA began to run on November 30, 2005. Id. at 5. Based on the magistrate judge's undisputed calculations, this Court agrees with the magistrate judge's finding that, when the Imperial County Superior Court denied petitioner's habeas petition on December 15, 2006, petitioner's statute of limitations had run for 322 of the 365 days time limit, giving petitioner 43 days to file his federal petition timely, absent further tolling of the limitations period. Id. at 6.

The magistrate judge then found that petitioner was not entitled to statutory tolling of the limitations period for his subsequent petitions filed on February 7, 2007, before the California Court of Appeal or on August 27, 2007, before the California Supreme Court, because the Imperial County Superior Court denied petitioner's petition as untimely, thereby rendering the petition not properly filed for tolling purposes. Id. at 6-7 (citing Pace, 544 U.S. at 414; Carey v. Saffold, 536 U.S. 214, 223-26 (2002)). The magistrate judge further determined that, under the state of the law at the time the report was filed, it appeared petitioner's delay in filing his superior court habeas petition, almost twelve months after the conclusion of direct review, was "presumptively unreasonable" under California law. Id. at 7 (citing Evans v. Chavis, 546 U.S. 189, 201 (2006)(federal courts must assume a thirty or sixty day delay is reasonable and a six-month unexplained delay is presumably unreasonable under California law until the California courts say otherwise)). This Court agrees with the magistrate judge's findings and conclusions concerning the inapplicability of statutory tolling in this case and, accordingly, overrules

petitioner's general objections thereto.

The magistrate also determined that petitioner is not entitled to equitable tolling of the statute of limitations. *See* Doc. # 29 at 10-11. The magistrate judge points out that petitioner does not argue he is entitled to such tolling but, instead, claims he did not become aware of the factual predicate forming the basis of his claims until after he obtained and reviewed the trial transcripts. Id. at 10 (citing Doc. # 28 at 8). However, the magistrate judge concludes that, even if equitable tolling is applied and the statute is tolled until the impediments to filing were removed, that is, in March 2006 when petitioner claims received his legal materials including trial transcripts, the instant petition would still be untimely. Id. at 10-11. Petitioner again presents only general objections to the magistrate judge's findings and conclusions regarding equitable tolling. *See* Doc. # 30 at 10-11. This Court finds the magistrate judge's findings and conclusions in this regard are not clearly erroneous. Accordingly, this Court adopts the magistrate judge's findings and conclusions presented in the report in full.

**3.   Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, which was amended effective December 1, 2009, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also* United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot

<u>v. Estelle</u>, 463 U.S. 880 (1983)).

This Court must decide whether to grant petitioner a certificate of appealability because dismissal of the petition constitutes a "final order adverse to the applicant." Based on this Court's review of the magistrate judge's report, petitioner's objections thereto, and the entire record in this matter, this Court finds that no issues presented herein are debatable among jurists of reason nor could they be resolved in a different manner. This Court further finds that there are no questions raised that deserve encouragement to proceed further. Accordingly, this Court DENIES petitioner a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's objections to the magistrate judge's report and recommendation [doc. # 30] are **OVERRULED**;
2. The findings and conclusions of the magistrate judge presented in the report and recommendation [doc. # 29] are **ADOPTED** in their entirety; and
3. The instant petition is **DISMISSED** with prejudice as untimely.

DATED: June 28, 2010

JOHN A. HOUSTON
United States District Judge